

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-56,769-03

### EX PARTE JAMES EDWARD GIBSON, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 2012CR7134-W2 IN THE 186TH DISTRICT COURT
### FROM BEXAR COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to unlawful possession of a firearm by a felon, and was sentenced to fifteen years' imprisonment.

In the instant application, Applicant contends in his first ground for review that the trial court abused its discretion by ordering this sentence to run concurrently with a prior sentence. In his second ground for review, Applicant contends that the Board of Pardons and Paroles is retroactively applying Section 508.149 of the Texas Government Code to deny him

eligibility for mandatory supervision, in violation of the prohibition on *ex post facto* application of the law. Lastly, Applicant alleges that his plea agreement in this case has been violated, rendering the plea involuntary because he believed at the time of the plea that his previous sentence would be the controlling sentence for purposes of mandatory supervision eligibility and release.

This Court has reviewed Applicant's first ground for relief and has determined that it is barred from review under Article 11.07, Section 4 of the Texas Code of Criminal Procedure. Therefore, that ground is dismissed. Applicant's remaining claim concerning the *ex post facto* application of the law and breach of the plea agreement are denied.

Filed: October 24, 2018
Do not publish